IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES M. MALARIK, | ) |
| | ) |
| Petitioner, | ) Civil Action No. 07-393 |
| | ) |
| v. | ) Judge Conti |
| | ) Magistrate Judge Caiazza |
| ALLEGHENY COUNTY, *et al.*, | ) |
| | ) |
| Respondents. | ) |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.   RECOMMENDATION**

It is recommended that the Petition for Writ of Habeas Corpus filed by James M. Malarik be dismissed because it is apparent from the face of the Petition that he has not exhausted available state court remedies.

**II.   REPORT**

**A. Discussion**

James M. Malarik ("Malarik" or "the Petitioner") has filed a federal habeas petition pursuant to the provisions of 28 U.S.C. §2254. He seeks to challenge his 2006 state conviction of Simple Assault and Criminal Mischief. In his Petition, however, Malarik states that he presently has an appeal pending in the Superior Court of Pennsylvania from the Judgment of Sentence. A search of the Superior Court's website indicates that his appeal is, indeed, pending.

A district court can dismiss a habeas corpus petition if it appears on its face that the petitioner is not entitled to

relief. Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989). Here, Malarik concedes that his direct appeal remains pending in state court. That said, state prisoners seeking habeas relief in federal court are required to exhaust available state court remedies. "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. §2254(c); Castille v. Peoples, 489 U.S. 346 (1989). Although the exhaustion requirement is not jurisdictional, it "should be strictly adhered to because it expresses respect for our dual judicial system and concern for harmonious relations between the two adjudicatory institutions." Landano v. Rafferty, 897 F.2d 661, 669 (1990).

Here, because Malarik's appeal remains pending in the state appellate court, his available state court remedies have not been exhausted and he is not entitled to seek relief in this court through a federal habeas action.

B. **Certificate of Appealability**

A certificate of appealability should be denied because jurists of reason would not disagree that Malarik has failed to exhaust his available state court remedies. See, e.g., Slack v. McDaniel, 529 U.S. 473 (2000) (explaining standard for grant of a

certificate of appealability where court does not address petition on the merits but on some procedural ground); see also Walker v. Government of The Virgin Island, 230 F.3d 82, 89-90 (3d Cir. 2000).

### III. CONCLUSION

It is recommended that the Petition for Writ of Habeas Corpus filed by James M. Malarik be dismissed because it appears on its face that he has not exhausted the available state court remedies.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C) and Local Rule 72.1.4 B, Malarik is allowed ten days from the date of service to file written objections to this Report. Failure to timely file objections may constitute a waiver of any appellate rights.

s/Francis X. Caiazza
Francis X. Caiazza
United States Magistrate Judge

Dated: April 4, 2007

cc:
JAMES M. MALARIK
#130218
Allegheny County Prison
950 Second Avenue
Pittsburgh, PA 15219

3